# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH JONES, <br> **Plaintiff,** <br> <br> v. <br> <br> SCI FAYETTE, <br> **Defendant.** | : <br> : <br> : <br> : **CIVIL ACTION NO. 19-CV-4724** <br> : <br> : <br> : |

## MEMORANDUM

**KENNEY, J.**                                                                                   **OCTOBER** 18 , **2019**

Plaintiff Joseph Jones, a prisoner currently incarcerated at SCI Fayette, brings this civil action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated with respect to the denial of medical attention and the denial of a wheelchair. Jones seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.     FACTS

The Complaint lodged by Jones raises constitutional claims pursuant to 42 U.S.C. § 1983 against SCI Fayette in its official capacity. (ECF No. 2 at 2.)[1] Jones alleges that at the time of the incident giving rise to his Complaint, he was a convicted and sentenced state prisoner confined at SCI Fayette. (*Id.* at 2, 4, 12.)

The allegations in Jones's Complaint are brief. Jones avers that on March 1, 2019 at approximately 5:00 p.m., he fell in the dayroom in Pod 6A. (*Id.* at 4-5.) Jones further alleges that he was denied "medical attention which ended up wit[h] [him] falling and injuring [his]

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

back." (*Id.* at 3.) Jones avers that he has muscular dystrophy and had previously been given a wheelchair while he was at SCI Fayette, but the wheelchair was taken away when he was temporarily transferred to county jail. (*Id.* at 12.) Upon his return to SCI Fayette, "they refused to return" the wheelchair. (*Id.*) Jones contends that upon his return, he spoke with the medical staff and corrections officers at SCI Fayette and filed a grievance regarding the reinstatement of his wheelchair, which was denied. (*Id.* at 7, 12, 14.) At the time of his fall, Jones did not have a wheelchair. (*Id.* at 12.) After his fall, he was assisted by correctional officers who placed him into a wheelchair and took him to "medical" for evaluation. (*Id.* at 12-13.) Jones asserts that "they would not take me to a hospital." (*Id.* at 5.) Jones avers that after his fall, he was issued a wheelchair and sent back to his cell. (*Id.* at 6, 13.)

Jones contends that he has suffered injuries to his back, knee, and neck as well as physical and emotional distress, loss of sleep, and severe constant headaches. (*Id.* at 5, 13.) Jones seeks $3,000,000 for pain and suffering, asserting that he will "have these symptoms for the rest of [his] life." (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[2] However, as Jones is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Jones is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Jones only names the prison where he was housed, SCI Fayette, as a Defendant in this action. As such, he has failed to allege a claim against a valid defendant. Jones's § 1983 claims against SCI Fayette are dismissed because a jail is not a "person" amenable to suit under Section 1983.[3] *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

This Court, however, is unable to conclude that Jones could never state a claim based on the failure to provide him a wheelchair. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were

---

[3] In addition to this Court's determination that SCI Fayette is not considered a "person" for purposes of § 1983, we note further that SCI Fayette and its departments are entitled to Eleventh Amendment immunity because they are essentially arms of the Commonwealth. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989) (concluding that an individual may not sue a state in federal court under Section 1983 because a state is not a "person" under that section); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

3

deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, in the Order that follows, Jones will be permitted to file an amended complaint if he can state a claim for deliberate indifference against an appropriate defendant.

Moreover, to the extent that Jones alleges a violation of his rights with respect to the denial of his grievance, this Court notes that claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any facts

4

alleged by Jones about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Jones's right to file an amended complaint in the event he can state a plausible claim against an appropriate defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.